STATE OF FLORIDA, ex rel. BASIL E. KENNEY, et al., as and constituting the FLORIDA BOARD OF FORESTRY AND PARKS, v. J. ROLFE DAVIS, et al., as and constituting the BOARD OF COUNTY COMMISSIONERS OF ORANGE COUNTY, and ORANGE COUNTY, FLORIDA BUDGET COMMISSION created by Chapter 18476, Special Acts of Florida 1937, and R. T. CARLETON, J. THOMAS GURNEY, PHIL PETERS, G. C. ZEIGLER and W. R. ROSENFELT, as members of and composing the said ORANGE COUNTY, FLORIDA BUDGET COMMISSION.

19 So. (2nd) 373                       June Term, 1944
August 1, 1944                         En Banc
Rehearing denied October 14, 1944

*J. Tom Watson*, Attorney General, and *R. W. Erwin, Jr.*, Assistant Attorney General, for appellants.

*G. B. Fishback* and *J. Thomas Gurney*, for appellees.

TERRELL, J.:

This case grows out of a three cornered fracas in which the Florida Board of Forestry and Parks and the Board of County Commissioners of Orange County furnished the inducement and the Orange County Budget Commission offered the challenge. Pursuant to Chapter 125.23 to 125.29, inclu-

sive, Florida Statutes, 1941, the Florida Board of Forestry and Parks and the Board of County Commissioners of Orange County entered into an agreement to establish a county fire control unit which was approved by the voters of Orange County in a referendum held at the 1940 General Election.

A budget plan of work was prepared as directed for the years 1942-1943 and 1943-1944 and was approved by the Board of County Commissioners but was disapproved by the County Budget Commission. Because of the refusal of the County Budget Commission to approve the budget plan of work, the Board of County Commissioners refused to pay any amounts from that sum it was authorized to pay in support of the county fire control unit. The amended alternative writ herein was issued from the circuit court directed to the County Budget Commission commending it to approve the budget as submitted to it or to show why it refuses to do so. A demurrer to the amended alternative writ was sustained and this appeal was prosecuted.

A number of questions are argued but they all turn on that of whether or not the County Budget Commission offered a valid reason for refusing to approve the budget plan of work for a county fire control unit that has been regularly submitted to it after its approval by a majority vote of the qualified electors of the county as the law requires.

The answer to this question resolves on consideration of the Act creating the Orange County Budget Commission, Chapter 18746, Special Acts of 1937, and Chapter 17024, Acts of 1935 (Sections 125.23 to 125.29 inclusive, Florida Statutes of 1941) as amended by Chapter 21997, Acts of 1943, authorizing the creation of county fire control units.

The latter Act declares county fire control units to be a county purpose. It then authorizes boards of county commissioners to establish and maintain county fire control units or to enter into agreements with the Florida Board of Forestry and Parks for the establishment and maintenance of county fire control units. The county commissioners are authorized to pay the county's part of the cost of such units from the general revenue fund of the county and in order to raise funds for that purpose they are authorized to impose

annually a tax on all taxable property in the fire control unit provided that such tax shall not exceed the total number of acres embraced in the unit multiplied by three cents. The unit in this case is coextensive with the county.

The Act also authorizes the State Board of Forestry and Parks to enter into agreement with the County Commissioners of any county for the purpose of establishing and maintaining a county fire control unit and to supplement funds appropriated from the general revenue funds of the county with funds accruing to the State Board of Forestry and parks. No board of county commissioners is authorized to maintain a fire control unit until the agreement therefor shall be ratified by an affirmative vote of a majority of the qualified electors of such county. After the agreement for the support and maintenance of a fire control unit is executed it cannot thereafter be abandoned or the tax levy therefor be suspended except by majority vote of the qualified electors of the county in the same manner that it was approved.

The Act creating the budget commission of Orange County authorizes said commission to adopt a budget of receipts and expenditures for every county board after publication of the notice of a meeting for that purpose. It is authorized to change, alter, amend, increase, or decrease any item and total amount or amounts of any estimate of expenditures or receipts prepared and submitted to them pursuant to law and to determine, fix, and adopt a budget of all receipts and expenditures for every county board.

County budget commissions are primarily fiscal in purpose and partake but little if at all of the policy making aspect. They are of late arrival in our scheme of government and grow out of the complex situation in which governmental integers (National, state, county, and local) found themselves from having taken over so many public services in addition to the duty of governing. The raising and distribution of revenue for all these purposes is where the work of the budget commission come in. It may raise or lower estimates of the different boards and in other respects reconcile their fiscal affairs. We find nothing in the law which authorizes the county budget commission to question the policy of the

Legislature in adding to or taking from the duties of a county board or to thwart the means for the execution of their duties. If it can assume such a role, then it becomes superior to its creator and assays unto itself prerogatives never vested in it. Fuller v. State ex rel. O'Donnell, et al., decided April 21, 1944, not yet reported.

The amended alternative writ shows that the Board of County Commissioners and the Florida Board of Forestry and Parks entered into contract to maintain a fire control unit co-extensive with Orange County. It is admitted that there is no conflict between the law creating the fire control unit and that creating the Orange County Budget Commission. The difference here arises from the interpretation of the powers vested in the Budget Commission.

The expenditures of many county boards over which the budget commision has supervision are based on estimates but the expenditure for the support of a county fire control unit is a flat appropriation not exceeding a sum in dollars equal to the total number of acres comprised within the county multiplied by three cents. The budget commission is not authorized to raise or lower this amount so when it is shown that a contract for a fire control unit has been regularly entered into and approved by the qualified electors as the law directs and the amount requested does not exceed the acreage in the county multiplied by three cents per acre, that is the end of the inquiry so far as the budget commission is concerned.

When the county has by popular vote approved the contract and creation of the fire control unit, there is no reason for the budget commission to again advertise for a public hearing on the matter. In fact we do not understand that a budget commision with general powers can add to or take from a flat sum appropriated for a specific purpose in the manner shown to have been done here. The objections interposed by the budget commission are highly technical; they do not challenge the legality of the contract or the election by which it was approved or in other ways affect the real merits of the controversy.

In our view, the amended alternative writ shows that

every prerequisite for the formation of a fire control unit has been complied with. The judgment appealed from is accordingly reversed with permission to file an answer or return to the alternative writ if desired.

It is so ordered.

BUFORD, C. J., BROWN, CHAPMAN and SEBRING, JJ., concur.

ADAMS and THOMAS, JJ., dissent.